UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS FERNANDO J.C.,[1]<br>Petitioner,<br>v.<br>WARDEN, et al.,<br>Respondents. | No. 1:26-cv-02585-TLN-SCR<br>A# 098-269-771<br>**RELEASE ORDER** |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 8, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 16.) Respondents filed objections to the findings and recommendations, and they have been considered herein.

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 16) are ADOPTED in full and as set forth below.

2. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

3. Respondents shall IMMEDIATELY RELEASE Petitioner Luis Fernando J.C. (A# 098-269-771) from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions. Upon Petitioner's release, Respondents shall enroll Petitioner in ICE's Intensive Supervision Appearance Program (ISAP). Respondents may impose additional conditions of release for the purpose of ensuring public safety so long as those terms, and consequences of violating those terms, are communicated to Petitioner and his counsel in writing in advance of imposition.

4. Respondents are ENJOINED from re-arresting or re-detaining Petitioner absent strict compliance with statutory and constitutional protections. Respondents may re-detain Petitioner if Petitioner (1) violates the conditions of his release and Respondents provide Petitioner notice and an opportunity to be heard as to the alleged violations, or (2) becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

3. Petitioner's motion for temporary restraining order (ECF No. 13) is DISMISSED as moot.

---

[2] Respondents' generalized objections based on *Pinson v. Carvajal*, 69 F.4th 1059 (9th Cir. 2023), are overruled. (ECF No. 18 at 3.) As the Ninth Circuit noted in *Pinson*, "the Supreme Court has left open the key question of whether there are circumstances when a challenge to the conditions of confinement is properly brought in a petition for writ of habeas corpus." 69 F.4th at 1075 (citing *Ziglar v. Abbasi*, 582 U.S. 120, 144–45 (2017) ("[W]e leave to another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement, as distinct from the fact or length of confinement.")).

4. **The Clerk of Court is directed to serve the California City Immigration Processing Center with a copy of this Order**, enter judgment in Petitioner's favor, and close the case.

IT IS SO ORDERED.

DATE: September 17, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE